IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Civil No. CIV-S-04-2429 WBS DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | |
| KEVIN ALLEN CARDOZA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff's motion for summary judgment came on regularly for hearing June 10, 2005. Yoshinori Himel, Assistant United States Attorney, appeared for G. Patrick Jennings, trial attorney, Tax Division, United States Department of Justice, for the United States. Defendant Kevin A. Cardoza, proceeding pro se, appeared on his own behalf. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of defendant and counsel and good cause appearing therefore, THE COURT FINDS AS FOLLOWS:[1]

**I. Introduction**

Defendant Cardoza filed a UCC Financing Statement against Regina Owens, an IRS employee. The Financing Statement purports to attach a security interest to the real and personal property of the IRS employee. The IRS employee is not personally acquainted with the defendant and has had no contact or relationship with him other than in her official capacity with

---

[1] These Findings and Recommendations conform substantially with the United States' Proposed Findings and Recommendations submitted by plaintiff pursuant to the court's request following the hearing on the motion for summary judgment.

the Internal Revenue Service.

On November 15, 2004, the United States filed a complaint seeking a judgment that the UCC financing statement filed by defendant Cardoza against the IRS employee is null, void, and of no legal effect, and seeking an order enjoining Cardoza to prevent similar filings. Defendant was personally served with process on December 9, 2004. Defendant filed numerous documents in this case. On April 20, 2005, the United States filed a motion for summary judgment. Defendant appeared at the argument on June 10, 2005, and was given an opportunity to oppose the motion.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 26 U.S.C. § 7402.

**II. Standards for a Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(c) states that judgment in favor of the moving party is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)

The evidence of the party opposing summary judgment is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the party opposing summary judgment. *Anderson*, 477 U.S. at 255. Inferences will not be drawn out of the air, however; it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F.Supp. 1224, 1244-1245 (E.D. Cal. 1985), *aff'd* 810 F.2d 898 (9th Cir. 1987).

To survive a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence produced by the non-moving party is "merely colorable, or is not significantly probative," summary judgment is proper. *Anderson*, 477 U.S. at 249-50.

**III. Undisputed Facts**

1. Kevin A. Cardoza caused the following document to be filed with the Secretary of State of the State of California:

| **Date Filed** | **Document Title** | **Filed Against** |
|---|---|---|
| November 12, 2002 | UCC Financing Statement | Regina M. Owens, Revenue Officer |

( Declaration of G. Patrick Jennings, Ex. A, hereinafter the "Financing Statement").

2. At all times pertinent to this action, Regina M. Owens was an employee of the Internal Revenue Service. (Declaration of Regina M. Owens, ¶ 1).

3. Owens is not personally acquainted with Cardoza and has not had any contact or relationship with him other than in her official capacity with the Internal Revenue Service. She has not engaged in any contract or personal transaction with Cardoza and does not owe money to Cardoza. There is no legitimate reason for Cardoza to impose a lien on the personal property of the Regina M. Owens. (Id., ¶ 2, 3, 4).

4. Owens is aware of the false Financing Statement that Cardoza filed against her with the California Secretary of State. The Financing Statement has caused her to experience distress and anxiety. For example, she is concerned that Cardoza's Financing Statement may have a negative impact on her permanent credit record. Her name appears in the ChoicePoint commercial database as Cardoza's debtor as a result of the filing of the Financing Statement. ( Id., ¶ 4, 5).

**IV. Analysis**

Section 7402(a) of the Internal Revenue Code[2] specifically grants district courts jurisdiction "to make and issue in civil actions, writs and **orders of injunction** . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws" (emphasis added). I.R.C. § 7402(a); *see Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985). Courts are empowered "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." *Ryan v. Bilby*, 764 F.2d at 1327; *see also Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985), *cert. denied*, 476 U. S. 1183 (1986); *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir.

---

[2] Title 26 of the United States Code, hereinafter I.R.C.

1983); *United States v. Van Dyke*, 568 F. Supp. 820, 821 (D. Or. 1983) (enjoining the filing of common-law liens to harass IRS employees and thereby deter enforcement of the tax laws).

Defendant has provided no evidence demonstrating that the UCC Financing Statement is based on legitimate debt or law, or controverting the undisputed facts set forth above. Rather, defendant has provided documents which appear to have been created by defendant and none of which were adjudicated in a court of law. It appears defendant claims that a debt arose as a result of the failure of the IRS employee to respond when defendant mailed documents to her. However, the courts do not recognize the legality of such a "lien." *United States v. Andra*, 923 F.Supp. 157, 159-160 (D. Idaho 1996). Defendant has not provided any evidence of a contractual or other legal relationship with any IRS employee to establish the validity of the UCC Financing Statement defendant filed.

After carefully reviewing the record, this Court finds that the UCC Financing Statement filed by defendant is a frivolous device used to harass a government employee. Thus, the Financing Statement is a non-consensual, non-judicial, and non-statutory lien which should be declared null and void. Because there are no genuine issues of material fact in dispute, plaintiff's motion for summary judgment should be granted. The "lien" placed by defendant on the IRS employee's property has no basis in law or fact. Section 7402(a) of the Internal Revenue Code allows the Court to nullify such liens from public records.

**V. Injunction**

Plaintiff also seeks an injunction enjoining defendant from filing any document or instrument which purports to create a non-consensual lien or encumbrance of any kind against any employee of the federal government. Injunctive relief "is available to a party who demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor." *Sammartano v. First Judicial District Court in and for the County of Carson City*, 303 F.3d 959, 965 (9th Cir. 2002).

Plaintiff has demonstrated success on the merits as noted above. The action of the defendant, in filing the UCC Financing Statement, imposes irreparable harm upon the employee

of the federal government with whom the defendant quarrels. This false lien potentially clouds title to property and damages the IRS employee's credit rating as well. This harassment may tend to deter IRS employees from performing their tax collection functions, and, at a minimum, wastes time that they could spend on proper official duties. These false liens "threaten substantial interference with the administration and enforcement of the internal revenue laws." *United States v. Hart*, 545 F. Supp. 470, 473 (D.N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983).

The IRS employee and the United States will suffer harm if an injunction is not granted. Because this UCC Financing Statement has no factual or legal basis and thus is of no legal effect, defendant will not be injured by an injunction which bars him from filing similar non-consensual or non-statutory liens in the future. *See, In re Martin-Trigona*, 763 F.2d 140, 141-142 (2d Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986). Thus the balance of hardships tips in plaintiff's favor.

Finally, this Court finds that the public interest will be served by an injunction forbidding this harassment in the future, and such an injunction should issue. Section 7402(a) of the Internal Revenue Code authorizes this court to enter injunctions that are necessary or appropriate for the enforcement of the internal revenue laws. *See, United States v. Hart, supra*. Although political expression must not be foreclosed, harassment of federal employees in their personal lives should be.

**VI. Recommendation**

Based on the foregoing IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's motion for summary judgment (docket no. 31) filed April 20, 2005, be granted and judgment for plaintiff be entered on all claims.
2. Any UCC Financing Statement filed by defendant which purports to create a lien or any other non-consensual or non-statutory encumbrance against the person or property of any IRS employee or any other person who authorized or performed any act in connection with the investigation, assessment, collection, or adjudication of defendant's tax liabilities or tax disputes be declared null and void ab initio and declared to have no force and effect. Specific filings which meet this criterion may be nullified by order of this Court obtained on an ex parte application.

3. An order to that effect may be filed and recorded by the United States with the California Secretary of State, any county clerk's office, assessor's office, or other public registry where such liens have or will be filed by defendant.

4. Regardless of nomenclature, caption, title, or terms used to describe the document, Kevin A. Cardoza should be permanently enjoined from filing, or attempting to file, any document or instrument which purports to create a lien or any other non-consensual or non-statutory encumbrance against the person or property of any IRS employee or any other person who authorized or performed any act in connection with the investigation, assessment, collection, or adjudication of defendant's tax liabilities or tax disputes.

5. However, this recommended permanent injunction should not apply to or prohibit liens lawfully created by any judgment of a court of competent jurisdiction.

6. It is further recommended that defendant be notified that a failure to comply with the injunction may subject him to sanctions for contempt of court.

7. An order be entered specifically declaring and adjudging that the UCC Financing Statement filed against Regina M. Owens is null, void and of no legal effect.

8. All of the following motions filed by defendant are recommended to be denied for lack of factual and legal merit: (1) January 10, 2005, motion to dismiss (docket no. 8); (2) March 31, 2005, motion to compel discovery (docket no. 20); (3) May 27, 2005, motion for proof of standing of delegation (docket no. 35); and (4) June 9, 2005, motion for continuance to allow for discovery and/or stay for administrative action and review by United States Attorney General (docket no. 40).

**VII. Time Limit for Objections[3]**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may filed written objections

---

[3] In light of the period for objections to these findings and recommendations, defendant's motion for continuance to formulate objections to magistrate's recommendations (docket no. 49) is denied as moot.

1 with the court and serve a copy on all parties. Such a document should be captioned "Objections
2 to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be
3 served and filed within ten days after service of the objections. The parties are advised that
4 failure to file objections within the specified time may waive the right to appeal the District
5 Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
6 DATED: October 25, 2005.

                         /s/ Dale A. Drozd
                         DALE A. DROZD
                         UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\cardoza2429.f&r